**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

| | |
|---|---|
| Commonwealth of Kentucky, et al.,<br><br>Petitioners,<br><br>v.<br><br>United States Environmental Protection Agency, et al.,<br><br>Respondents. | Case No. 24-1087 (consolidated with Nos. 24-1100, 24-1132)<br><br>**NOT YET SCHEDULED FOR ORAL ARGUMENT** |

# MOTION OF FORD MOTOR COMPANY TO INTERVENE IN SUPPORT OF RESPONDENTS

Pursuant to Federal Rule of Appellate Procedure 15(d) and D.C. Circuit Rule 15(b), Ford Motor Company ("Ford") moves to intervene in support of respondents in these consolidated cases seeking review of the Environmental Protection Agency (EPA) action titled "Multi-Pollutant Emissions Standards for Model Years 2027 and Later Light-Duty and Medium-Duty Vehicles," 89 Fed. Reg. 27,842 (April 18, 2024) ("Multi-Pollutant Rule").

Ford sold over 72,000 electric vehicles in the United States in 2023, including America's best-selling electric pickup truck and America's best-selling electric van. Ford supports EPA's efforts to regulate greenhouse gases and other emissions from new light- and medium-duty motor vehicles. Ford is committed to

reducing emissions in its own fleet and scaling up its production of electric vehicles and hybrids to satisfy growing customer demand and provide customers with choices in addition to vehicles that use internal combustion engines. Ford is investing billions in electrification efforts, including toward new electric vehicle and battery assembly plants in Kentucky, Michigan, and Tennessee, and toward electric vehicle manufacturing at existing Ford facilities in Missouri and Ohio.

The Multi-Pollutant Rule sets standards for reducing greenhouse gas emissions and other tailpipe emissions from cars and light trucks for model year ("MY") 2027 to MY 2032, and selling electric and hybrid vehicles is a primary way by which Ford plans to comply. As a company directly regulated by the Multi-Pollutant Rule that seeks a stable regulatory landscape for corporate planning, Ford has an obvious and substantial interest in this litigation, including in defending the EPA's authority to establish emissions standards and aspects of the Rule that establish how automakers demonstrate compliance with those standards. The Court should grant intervention.[1]

---

[1] Ford does not seek to intervene to defend the Multi-Pollutant Rule's separate battery durability requirements, and Ford's motion and request to intervene does not take or reflect any position on the validity of the battery durability aspect of the Multi-Pollutant Rule.

## BACKGROUND

Section 202(a) of the Clean Air Act requires EPA to establish standards for emissions of pollutants from new motor vehicles that cause or contribute to air pollution that may reasonably be anticipated to endanger public health or welfare. *See* 42 U.S.C. § 7521(a). EPA began regulating greenhouse gas emissions under this authority in 2010. 75 Fed. Reg. 24,324 (May 7, 2010). It has subsequently promulgated rules setting greenhouse gas emissions standards for vehicles in 2011, 2012, 2016, 2020, and 2021. The 2021 rule established greenhouse gas emission regulations for new light-duty motor vehicles produced for Model Years 2023 to 2026; challenges to that rule are currently pending in this Court.

The Multi-Pollutant Rule that is the subject of the petitions for review establishes emissions standards for greenhouse gas emissions and other pollutants for new vehicles produced in 2027 and subsequent years.

Respondents do not oppose this motion. Petitioners in No. 24-1087 reserve their position pending review of the motion and Petitioners in No. 24-1100 and No. 24-1132 have not yet provided a position.

## ARGUMENT

Ford seeks to intervene in support of respondents and will urge the Court to affirm aspects of the Multi-Pollutant Rule. As a company that is directly regulated

by the Multi-Pollutant Rule and that supports EPA's efforts to reduce emissions, Ford has a substantial interest in this litigation.

## I. Ford Satisfies the Standards for Intervention as of Right

Federal Rule of Appellate Procedure 15(d) allows a party to intervene in a proceeding to review agency action if a motion for leave to intervene is timely and "contain[s] a concise statement of the interest of the moving party and the grounds for intervention." Fed. R. App. P. 15(d). All of the requirements for intervention as of right are satisfied in this case.

A. This Court has held that "intervention in the court of appeals is governed by the same standards as in the district court." *Mass. Sch. of Law at Andover, Inc. v. United States*, 118 F.3d 776, 779 (D.C. Cir. 1997) (emphasis omitted). Under Federal Rule of Civil Procedure 24(a), a party has a right to intervene if it "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2); *see Deutsche Bank Nat'l Trust Co. v. FDIC*, 717 F.3d 189, 192 (D.C. Cir. 2013). These requirements are satisfied here. Indeed, because Ford is directly regulated by the Multi-Pollutant Rule, it is self-evident that it has the requisite interest in this litigation.

Ford seeks to intervene in these consolidated cases to protect its substantial interests in the emissions regulations that govern production and sale of all light-duty and medium-duty vehicles sold in the United States. Complying with emissions regulations requires lengthy advance planning, and Ford has taken steps to transform its business to ensure compliance with stricter emissions standards. Ford has a significant interest in securing the regulatory stability that the Multi-Pollutant Rule will provide and preventing the possibility of flip-flopping or changing standards. And Ford has a critical interest in ensuring that a level regulatory playing field applies to the entire industry.

Ford's interests are not adequately represented by any other party in this case. This Court has held that adequate representation is not an onerous standard; rather, "a movant ordinarily should be allowed to intervene unless it is clear that [an existing] party will provide adequate representation." *See Crossroads Grassroots Pol'y Strategies v. FEC*, 788 F.3d 312, 321 (D.C. Cir. 2015) (quotation marks omitted). While EPA will defend the Multi-Pollutant Rule, it cannot, as a government agency, adequately represent the interests of private, commercial entities. Indeed, this Court "look[s] skeptically on government entities serving as adequate advocates for private parties." *Id.* (citing *Fund for Animals, Inc. v. Norton*, 322 F.3d. 728, 736 (D.C. Cir. 2003)). As a manufacturer selling vehicles in the United States and regulated by EPA's emission standards and related

compliance provisions, Ford can articulate the impact that the petitioners' challenge, if successful, would have on the auto industry in a manner that EPA cannot. *See Nat. Res. Def. Council v. Costle*, 561 F.2d 904, 912 (D.C. Cir. 1977) (finding regulated parties' interests more "focus[]ed" than the government interest).

Accordingly, this Court has repeatedly allowed manufacturers to intervene in analogous cases, including allowing Ford to intervene in litigation challenging EPA's decision to enable California to regulate greenhouse gas emissions; allowing several manufacturers to intervene in the litigation challenging EPA's SAFE Rule Part 2; and allowing a group of manufacturers to intervene in the litigation challenging EPA's 2021 federal emissions standards. *See* Order, *Ohio v. EPA*, No. 22-1081 (June 30, 2022); Order, *Texas v. EPA*, No. 22-1031(April 20, 2022); Order, *Competitive Enter. Inst., et al. v. NHTSA*, No. 20-1145 (Oct. 19, 2020); *see also* Order, *California v. EPA*, No. 18-1114 (D.C. Cir. Oct. 18, 2018) (granting intervention motion by group of automobile manufacturers in a challenge to federal emissions standards); Order, *California v. EPA*, No. 08-1063 (D.C. Cir. Apr. 3, 2008) (granting intervention motion by various automobile manufacturers in challenge to EPA Clean Air Act § 209(b) waiver decision).

Ford understands that the Alliance for Automotive Innovation ("Auto Innovators"), an industry group of which Ford is a member, is seeking limited

intervention in this case. That does not affect Ford's right to intervene under Rule 24. The Auto Innovators are not an "existing part[y]" to the case. Fed. R. Civ. P. 24(a)(2). In any event, Ford understands that Auto Innovators are intervening with regard to two discrete provisions of the Multi-Pollutant Rule, namely the provision allowing inclusion of electric vehicles in fleetwide compliance demonstrations, and the provision excluding "upstream emissions" from compliance determinations. Ford seeks to intervene with regard to additional aspects of the Rule, including to defend the EPA's authority to establish the Rule's emissions standards and related compliance provisions.

B. Ford has Article III standing because it has substantial interests that could be adversely affected by this litigation. Because Ford "satisfies Rule 24(a)," it "also meet[s] Article III's standing requirement." *Roeder v. Islamic Republic of Iran*, 333 F.3d 228, 233 (D.C. Cir. 2003). And as noted, because Ford is regulated by the Rule at issue, its standing is "self-evident." *Fund For Animals*, 322 F.3d at 733-34; *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561(1992) (explaining that "there is ordinarily little question" that person has standing where he "is himself an object of" a challenged governmental regulation). The Multi-Pollutant Rule directly regulates Ford and its competitors, and vacatur of the emissions standards or related compliance provisions in the Rule would undermine Ford's interest in a level playing field. *Crossroads Grassroots Pol'y Strategies*, 788 F.3d

at 317 (injury-in-fact exists "where a party benefits from agency action, the action is then challenged in court, and an unfavorable decision would remove the party's benefit"); *see Fund for Animals*, 322 F.3d at 733-34 (same); *Military Toxics Project v. EPA*, 146 F.3d 948, 954 (D.C. Cir. 1998) (same).

      C.     The motion to intervene is timely. It has been filed within 30 days of the first petition for review. *See* Fed. R. App. P. 15(d); Fed. R. App. P. 26(a)(1)(C) (explaining that if the 30th day falls on a Saturday, the 30-day period extends to the next business day). This motion qualifies as a timely motion to intervene in all previously and subsequently filed cases in this Court also involving challenges to the Multi-Pollutant Rule. *See* D.C. Circuit Rule 15(b) ("A motion to intervene in a case before this court concerning direct review of an agency action will be deemed a motion to intervene in all cases before this court involving the same agency action or order, including later filed cases . . . .").

## II. Alternatively, Ford Has Satisfied the Standards for Permissive Intervention

Although Ford is entitled to intervene as of right, it at minimum satisfies the requirements for permissive intervention under Rule 24(b), which requires only that a proposed intervenor have "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "Rule 24(b) . . . provides basically that anyone may be permitted to intervene if his claim

and the main action have a common question of law or fact," *Nuesse v. Camp*, 385 F.2d 694, 704 (D.C. Cir. 1967), absent any indication of prejudice or delay.

The intervention here is timely; Ford seeks to intervene to defend EPA's authority to establish emissions standards and adopt the related compliance provisions of the Multi-Pollutant Rule, thus necessarily presenting a defense that shares common questions of law and fact with the main action; and intervention will not prejudice or delay any party.

**CONCLUSION**

For the foregoing reasons, the Court should grant the motion to intervene.

Dated: May 20, 2024

Respectfully submitted,

By: /s/ Elisabeth S. Theodore
Jonathan S. Martel
Elisabeth S. Theodore
Samuel I. Ferenc
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave. NW
Washington, DC 20001-3743
(202) 942-5000
jonathan.martel@arnoldporter.com
elisabeth.theodore@arnoldporter.com
sam.ferenc@arnoldporter.com

*Counsel for Ford Motor Company*

Steven Croley
Chief Policy Officer and General Counsel
FORD MOTOR COMPANY
One American Road
Dearborn, MI 48126-2798
(313) 480-8803
scroley@ford.com

Evan Belser
Policy Strategist and Managing Counsel
Office of General Counsel
FORD MOTOR COMPANY
801 Pennsylvania Ave NW, Suite 400
Washington, DC 20004
(202) 997-0217
ebelser1@ford.com

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Circuit Rule 26.1, the proposed intervenor makes the following disclosures:

Ford Motor Company states that it has no parent corporation. As of December 31, 2023, no publicly-traded companies have disclosed that they own 10% or more of Ford's common stock.

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

Pursuant to D.C. Circuit Rules 27(a)(4) and 28(a)(1)(A), Ford submits this certificate.

Petitioners in No. 24-1087: Commonwealth of Kentucky; State of West Virginia; State of Alabama; State of Alaska; State of Arkansas; State of Florida; State of Georgia; State of Idaho; State of Indiana; State of Iowa; State of Kansas; State of Louisiana; State of Mississippi; State of Missouri; State of Montana; State of Nebraska; State of New Hampshire; State of North Dakota; State of Ohio; State of Oklahoma; State of South Carolina; State of South Dakota; State of Utah; Commonwealth of Virginia; State of Wyoming.

Petitioner in No. 24-1100: State of Texas.

Petitioners in No. 24-1132: Warren Petersen, President of the Arizona State Senate; Ben Toma, Speaker of the Arizona House of Representatives; Arizona Trucking Association.

Respondents in Nos. 24-1087, 24-1100, and 24-1132: U.S. Environmental Protection Agency; Michael S. Regan, Administrator of the U.S. Environmental Protection Agency.

Proposed Intervenors in Nos. 24-1087, 24-1100, and 24-1132: Ford Motor Company; Alliance for Automotive Innovation; Alliance of Nurses for Healthy Environments; American Lung Association; American Public Health Association; Appalachian Mountain Club; Center for Biological Diversity; Clean Air Council; Conservation Law Foundation; Environmental Defense Fund; Environmental Law & Policy Center; National Parks Conservation Association; Natural Resources Defense Council; Public Citizen; Sierra Club; State of California; State of Arizona; State of Colorado; State of Connecticut; State of Delaware; State of Hawaii; State of Illinois; State of Maine; State of Maryland; State of Michigan; State of Minnesota; State of New Mexico; State of New Jersey; State of New York; State of North Carolina; State of Oregon; State of Rhode Island; State of Vermont; State of Washington; State of Wisconsin; Commonwealth of Massachusetts; Commonwealth of Pennsylvania; District of Columbia; City and County of Denver; City of Chicago; City of Los Angeles; City of New York.

Amici Curiae in Nos. 24-1087 24-1100, and 24-1132: None appear on the Court's dockets.

**Ruling under Review**. The decision under review is "Multi-Pollutant Emissions Standards for Model Years 2027 and Later Light-Duty and Medium-Duty Vehicles," 89 Fed. Reg. 27,842 (April 18, 2024).

**Related Cases**. Movant-intervenor is aware of no related cases other than the ones that this Court has already consolidated.

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g)(1), the undersigned hereby certifies:

1. The foregoing motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 1,798 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f). As permitted by Fed. R. App. P. 32(g)(1), the undersigned has relied upon the word count feature of this word processing system in preparing this certificate.

2. This foregoing motion complies with the typeface and type style requirements of Fed. R. App. P. 27(a)(5)-(6) because it was prepared in proportionally spaced typeface using Microsoft Word for Office 365 in 14-point Times New Roman font.

/s/ Elisabeth S. Theodore
Elisabeth S. Theodore

**CERTIFICATE OF SERVICE**

I certify that, on May 20, 2024, I caused the foregoing motion to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit using the CM/ECF system. All participants in the consolidated cases are registered CM/ECF users and will be served by the CM/ECF system.

/s/ Elisabeth S. Theodore
Elisabeth S. Theodore