# IN THE UNITED STATES COURT OF APPEALS
# FOR THE D.C. CIRCUIT

| | |
|---|---|
| COMMONWEALTH of KENTUCKY, et al., <br><br> *Petitioners*, <br><br> v. <br><br> ENVIRONMENTAL PROTECTION AGENCY, et al., <br><br> *Respondents* <br><br> ENVIRONMENTAL LAW & POLICY CENTER, et al., <br><br> *Intervenors*. | Case No. 24-1087 <br> (and consolidated cases) |

## PRIVATE PETITIONERS' MOTION
## TO HOLD CASE IN ABEYANCE

Private petitioners in *Kentucky* v. *EPA*, No. 24-1087, and consolidated cases respectfully move to have these consolidated cases held in abeyance.[1] State petitioners do not oppose this motion.

---

[1] This motion is made on behalf of petitioners in Nos. 24-1132 (Arizona Senate President Warren Petersen, et al.), 24-1158 (Western States Trucking Association, Inc., et al.), 24-1195 (American Fuel & Petrochemical Manufacturers, et al.), 24-1197 (American Free Enterprise Chamber of Commerce, et al.), and 24-1206 (Renewable Fuels Association, et al.). Petitioners in No. 24-1196 (American Petroleum Institute, et al.) take no position on this motion.

1. Petitioners seek review of a final rule promulgated by the Environmental Protection Agency titled *Multi-Pollutant Emissions Standards for Model Years 2027 and Later Light-Duty and Medium-Duty Vehicles*. 89 Fed. Reg. 27,842 (Apr. 18, 2024). The rule sets increasingly stringent vehicle emission standards through at least model year 2032 for light- and medium-duty vehicles nationwide. *Id.* at 27,843. As petitioners have explained, these standards are, in fact, so stringent that they serve as a *de facto* electric-vehicle mandate nationwide. Private Pet. Br. 23-39. EPA lacks authority under the Clean Air Act to electrify the nation's vehicle fleet. Private Pet. Br. 39-65.

2. On July 17, 2024, this Court entered an order setting briefing deadlines for this rule challenge. Consistent with that order, petitioners filed their initial briefs on September 6, 2024, EPA filed its answering brief on November 26, 2024, and intervenors for respondent filed their briefs on December 23, 2024. On December 23, 2024, the Court granted petitioners' unopposed motion to extend the time to file reply briefs to February 27, 2025 in light of the change in Presidential administration. As petitioners explained, President Trump had "repeatedly stated that rescinding agency action related to the Biden Administration's attempts to mandate electrification—including

the rule at issue here—is a day one priority." Pet. Motion for an Extension of Time at 3.

3. As petitioners anticipated, on inauguration day President Trump signed Executive Order 14,154, Unleashing American Energy, 90 Fed. Reg. 8,353 (Jan. 20, 2025). That order announces the President's policy of:

> "eliminat[ing] the 'electric vehicle (EV) mandate' and promot[ing] true consumer choice, which is essential for economic growth and innovation, by removing regulatory barriers to motor vehicle access; by ensuring a level regulatory playing field for consumer choice in vehicles; . . . and by considering the elimination of unfair subsidies and other ill-conceived government-imposed market distortions that favor EVs over other technologies and effectively mandate their purchase by individuals, private businesses, and government entities alike . . . ."

*Id.* at 8,353. To meet that policy goal, the Executive Order directs agency heads to "review all existing regulations . . . to identify those agency actions that impose an undue burden on the identification, development, or use of domestic energy resources . . . including restrictions on consumer choice of vehicles" and to, by February 19, "develop and begin implementing action plans to suspend, revise, or rescind all agency actions identified as unduly burdensome . . . as expeditiously as possible and consistent with applicable law." *Id.* at 8,354.

4. The President's review and reconsideration directive plainly applies to the vehicle-emission standards at issue here. Indeed, as petitioners have explained, EPA's standards "are designed to drive manufacturers to produce electric vehicles." Private Pet. Br. 14. At a minimum, the standards violate the President's policy of "favor[ing] EVs over other technologies," 90 Fed. Reg. at 8,353, by employing a credit compliance system that provides significant incentives for electric vehicles, *see* Private Pet. Br. 13-14; 40 C.F.R. § 86.1866-12(a). Accordingly, it is undisputed that to comply with the President's order, EPA will need to review the standards at issue in this case to determine whether they "impose an undue burden" on the use of domestic energy resources or consumer vehicle choice. 90 Fed. Reg. at 8,353.

5. The Executive Order directing review of the action at issue here is a substantial new development that warrants holding this litigation in abeyance. After EPA reevaluates the standards, the positions taken by the agency in this litigation may no longer reflect its ultimate conclusions. And if the agency reconsiders its approach, the standards at issue here could soon be replaced altogether, thus potentially rendering the present dispute moot. Holding the case in abeyance would thus promote judicial economy and conserve the parties' limited resources for litigation.

6. Holding this case in abeyance would also be consistent with this Court's past practice. This Court has routinely held cases challenging agency action in abeyance pending an incoming administration's expected reconsideration or change in position with respect to the challenged agency action. *See, e.g.*, *Union of Concerned Scientists* v. *NHTSA*, D.C. Cir. 19-1230, ECF No. 1884115; *North Dakota* v. *EPA*, D.C. Cir. No. 15-1381, ECF Nos. 1673072 & 1688176; *American Petroleum Inst.* v. *EPA*, D.C. Cir. No. 13-1108, ECF No. 1675813. Indeed, NHTSA has moved to hold in abeyance parallel challenges to NHTSA's fuel economy standards in light of the Executive Order. *In re NHTSA*, 6th Cir. No. 24-7001, ECF No. 140; *NRDC* v. *NHTSA*, D.C. Cir. No. 22-1080, ECF No. 2098400.

7. Neither EPA nor the intervenors will be prejudiced by the requested abeyance. The challenged rule, which they are defending, is currently in effect, so delay does not harm them. EPA does not oppose the relief requested. With the exception of respondent-intervenor Zero Emission Transportation Association, respondent-intervenors take no position on this motion but reserve the right to respond to petitioners' request. Respondent-intervenor Zero Emission Transportation Association opposes this motion.

* * *

For these reasons, petitioners respectfully request that the Court hold this case in abeyance until 30 days after the conclusion of the agency's review and any resulting agency action, with motions to govern further proceedings due upon the expiration of that period.[2]

---

[2] Petitioners are willing to provide status updates to the Court, including upon the issuance of any agency action that impacts this litigation.

Dated: February 6, 2025

Respectfully submitted,

/s/ Jeffrey B. Wall
JEFFREY B. WALL
MORGAN L. RATNER
SULLIVAN & CROMWELL LLP
1700 New York Avenue NW
Washington, DC 20006
(202) 956-7500
wallj@sullcrom.com

MICHAEL B. BUSCHBACHER
JAMES R. CONDE
BOYDEN GRAY PLLC
801 17th Street NW, Suite 350
Washington, DC 20006
(202) 955-0620
mbuschbacher@boydengray.com

*Counsel for Petitioners in No. 24-1197*

*Counsel for Petitioners Diamond Alternative Energy, LLC and Valero Renewable Fuels Company, LLC*

JUSTIN D. SMITH
JAMES OTIS LAW GROUP, LLC
13321 North Outer Forty Road, Suite 300
St. Louis, MO 63017
(816) 678-2103
justin.smith@james-otis.com

*Counsel for Petitioners in No. 24-1132*

CARTER G. PHILLIPS
DANIEL J. FEITH
JEREMY D. ROZANSKY
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC 20005
(202) 736-8000
cphillips@sidley.com

*Counsel for Trade Association Petitioners in No. 24-1195*

ROBERT HENNEKE
THEODORE HADZI-ANTICH
CONNOR MIGHELL
TEXAS PUBLIC POLICY
FOUNDATION
901 Congress Avenue
Austin, TX 78701
(512) 472-2700
tha@texaspolicy.com

*Counsel for Petitioners in No. 24-1158*

MATTHEW W. MORRISON
SHELBY L. DYL
PILLSBURY WINTHROP SHAW
PITTMAN LLP
1200 17th Street NW
Washington, DC 20036
(202) 663-8036
matthew.morrison@pillsburylaw.com

*Counsel for Petitioners in No. 24-1206*

BRITTANY M. PEMBERTON
BRACEWELL LLP
2001 M Street NW, Suite 900
Washington, DC 20036
(202) 828-5800
brittany.pemberton@bracewell.com

*Counsel for Petitioners International Association of Machinists and Aerospace Workers Lodge No. 823, Diamond Alternative Energy, LLC, and Valero Renewable Fuels Company, LLC*

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), I hereby certify that this motion complies with the requirements of Federal Rule of Appellate Procedure 27(d)(1)(E) because it was prepared in 14-point font using a proportionally spaced typeface. This motion also complies with the requirements of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 994 words.

s/ Jeffrey B. Wall  
JEFFREY B. WALL

February 6, 2025