# IN THE UNITED STATES COURT OF APPEALS
# FOR THE D.C. CIRCUIT

| | |
|---|---|
| COMMONWEALTH of KENTUCKY, et al., *Petitioners,* v. ENVIRONMENTAL PROTECTION AGENCY, et al., *Respondents* ENVIRONMENTAL LAW & POLICY CENTER, et al., *Intervenors.* | Case No. 24-1087 (and consolidated cases) |

## REPLY IN SUPPORT OF PRIVATE PETITIONERS' MOTION TO HOLD CASE IN ABEYANCE

Private petitioners in *Kentucky* v. *EPA*, No. 24-1087, and consolidated cases respectfully urge this Court to hold these consolidated cases in abeyance.[1] Of the 71 parties to these cases, only one—respondent-intervenor Zero Emission Transportation Association—opposes this request. It offers no

---

[1] Like the abeyance motion, this reply is made on behalf of petitioners in Nos. 24-1132 (Arizona Senate President Warren Petersen, et al.), 24-1158 (Western States Trucking Association, Inc., et al.), 24-1195 (American Fuel & Petrochemical Manufacturers, et al.), 24-1197 (American Free Enterprise Chamber of Commerce, et al.), and 24-1206 (Renewable Fuels Association, et al.).

-1-

sound reason for pushing forward with this resource-intensive litigation despite a forthcoming EPA reevaluation that will likely render the dispute moot.

First, ZETA asserts that the Executive Order requiring EPA to reevaluate any standards that favor or mandate electric vehicles, 90 Fed. Reg. 8,353 (Jan. 20, 2025), does not affect the standards at issue. According to ZETA, the Executive Order does not apply here because EPA's standards do "not create a mandate for electric vehicles or place any limitations on consumer ability to purchase the vehicle of their choice." ZETA Opp. 2-3. That is incorrect. As petitioners have explained, these standards compel electric-vehicle production and restrict consumer choice, Pet. Br. 14-15, 23-39, and are therefore inconsistent with the President's policy. At the very least, the challenged "standards violate the President's policy of 'favor[ing] EVs over other technologies,' by employing a credit compliance system that provides significant incentives for electric vehicles." Abeyance Motion 4 (quoting 90 Fed. Reg. at 8,353). ZETA offers no response.

Second, ZETA contends that the Executive Order on its own does not warrant holding this case in abeyance. According to ZETA, abeyance is inappropriate absent further "clarifying action by EPA" in response to the

Executive Order. ZETA Opp. 4. Not so. If EPA intended to stand behind the current iteration of the challenged standards, it would have told this Court directly by opposing petitioners' abeyance motion. Instead, EPA took no position on petitioners' abeyance motion, presumably because it is continuing to evaluate the standards and its position with respect to them. That EPA has not taken further concrete action in light of the Executive Order may be a function of the turnover with a new presidential administration, not a rejection of the President's directive. *See* Lisa Friedman, *E.P.A. Demotes Career Employees Overseeing Science, Enforcement and More*, The New York Times (Feb. 4, 2025), https://www.nytimes.com/2025/02/04/climate/epa-workers-demotions-trump.html; Juan-Carlos Rodriguez, *Trump Nominates New EPA Air, Water, Legal Division Leaders*, Law360 (Feb. 12, 2025), https://www.law360.com/articles/2297191/trump-nominates-new-epa-air-water-legal-division-leaders.

Third, ZETA objects that petitioners, rather than EPA, moved to hold this case in abeyance. But that does not undermine the propriety of the requested relief. Because of their involvement with multiple related rule challenges, petitioners were well-positioned to move for abeyance promptly in

this case, when it became apparent that the new administration would reconsider the challenged standards.

Finally, ZETA does not identify any prejudice that it would suffer as a result of the requested abeyance, given that the standards remain in effect in the meantime. In short, there is no sensible reason to continue requiring the parties to devote their resources to briefing and arguing this case while EPA reevaluates the challenged standards in light of the new administration's policy priorities.

Dated: February 21, 2025

Respectfully submitted,

/s/ Jeffrey B. Wall
JEFFREY B. WALL
MORGAN L. RATNER
SULLIVAN & CROMWELL LLP
1700 New York Avenue NW
Washington, DC 20006
(202) 956-7500
wallj@sullcrom.com

*Counsel for Petitioners Diamond Alternative Energy, LLC and Valero Renewable Fuels Company, LLC*

MICHAEL B. BUSCHBACHER
JAMES R. CONDE
BOYDEN GRAY PLLC
801 17th Street NW, Suite 350
Washington, DC 20006
(202) 955-0620
mbuschbacher@boydengray.com

*Counsel for Petitioners in No. 24-1197*

JUSTIN D. SMITH
JAMES OTIS LAW GROUP, LLC
13321 North Outer Forty Road, Suite 300
St. Louis, MO 63017
(816) 678-2103
justin.smith@james-otis.com

*Counsel for Petitioners in No. 24-1132*

CARTER G. PHILLIPS
DANIEL J. FEITH
JEREMY D. ROZANSKY
SIDLEY AUSTIN LLP
1501 K Street NW
Washington, DC 20005
(202) 736-8000
cphillips@sidley.com

*Counsel for Trade Association Petitioners in No. 24-1195*

ROBERT HENNEKE
THEODORE HADZI-ANTICH
CONNOR MIGHELL
TEXAS PUBLIC POLICY
FOUNDATION
901 Congress Avenue
Austin, TX 78701
(512) 472-2700
tha@texaspolicy.com

*Counsel for Petitioners in
No. 24-1158*

MATTHEW W. MORRISON
SHELBY L. DYL
PILLSBURY WINTHROP SHAW
PITTMAN LLP
1200 17th Street NW
Washington, DC 20036
(202) 663-8036
matthew.morrison@pillsburylaw.com

*Counsel for Petitioners in
No. 24-1206*

BRITTANY M. PEMBERTON
BRACEWELL LLP
2001 M Street NW, Suite 900
Washington, DC 20036
(202) 828-5800
brittany.pemberton@bracewell.com

*Counsel for Petitioners
International
Association of Machinists and
Aerospace Workers Lodge No. 823,
Diamond Alternative Energy, LLC,
and Valero Renewable Fuels
Company, LLC*

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g), I hereby certify that this motion complies with the requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5) and 32(a)(6) because it was prepared in 14-point font using a proportionally spaced typeface. This motion also complies with the requirements of Federal Rule of Appellate Procedure 27(d)(2) because it contains 542 words.

s/ Jeffrey B. Wall
JEFFREY B. WALL

February 21, 2025

# CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of February, 2025, I electronically filed the foregoing motion to be electronically filed with the Clerk for the United States Court of Appeals for the District of Columbia Circuit using the appellate CM/ECF system. I certify that service will be accomplished by the CM/ECF system for all participants in this case who are registered CM/ECF users.

s/ Jeffrey B. Wall<br>JEFFREY B. WALL

February 21, 2025